in the justice of any amount of taxation on them, however unequal. We are not therefore quite certain but that the legislature intended the precise thing which the prosecutors have with so much force and eloquence contended that they should be presumed not to have done. The particularity with which this case has been examined was due to the large interest involved.

CITED in *State, People's Fire Ins. Co., pros.,* v. *Parker, Receiver,* 6 *Vr.* 580

---

THE STATE, THE WASHINGTON MANUFACTURING COMPANY, PROSECUTORS, v. THOMAS HALLAM, COLLECTOR.

On *certiorari.* In matter of taxation.

THE STATE, THE KAIGHN'S POINT FERRY COMPANY, PROSECUTORS, v. WILLIAM VANTIER, COLLECTOR.

On *certiorari.* In matter of taxation.

THE STATE, THE WEST JERSEY FERRY COMPANY, PROSECUTORS, v. SAMUEL I. RUDDEROW, COLLECTOR.

On *certiorari.* In matter of taxation.

THE STATE, THE CAMDEN AND PHILADELPHIA FERRY COMPANY, PROSECUTORS, v. JAMES H. DENNY, COLLECTOR.

On *certiorari.* In matter of taxation.

THE STATE, THE CAMDEN WATER WORKS COMPANY, PROSECUTORS, v. RUDDEROW, COLLECTOR.

On *certiorari.* In matter of taxation.

In the above cases the assessments to be reduced as in *The State* v. *Hallam, ante* 412.

For the prosecutors, *A. Browning.*

For the defendants, *J. M. Robeson* and *J. M. Scovel.*